UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

NIKOLAI MINASIAN and HARUTYUN
MINASIAN,

                      Plaintiffs,

               -v-

IDS PROPERTY CASUALTY INSURANCE
COMPANY d/b/a AMERIPRISE INSURANCE
COMPANY and STATE FARM FIRE AND
CASUALTY COMPANY,

                  Defendants.

------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 17, 2015

14-cv-10125 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

In the instant case, plaintiffs allege that their two insurers—IDS Property Casualty Insurance Company (d/b/a Ameriprise Insurance Company) ("IDS") and State Farm Fire and Insurance Company ("State Farm") have breached their respective insurance contracts by failing to pay for losses incurred as a result of an alleged burglary.

According to plaintiffs, among the stolen items were a gold diamond ring valued at over $40,000, a gold Swiss watch valued at over $20,000 and a gold diamond bracelet valued at over $30,000. Ameriprise denied the claim following an investigation "contending that Plaintiffs failed to give notice of the Loss to Ameriprise as soon as possible, that they [plaintiffs] intentionally lost [the] Jewelry and/or because Plaintiffs made false statements or engaged in fraudulent conduct in misrepresenting that [the] Jewelry was the subject of a loss by unknown persons."

(ECF No. 1 ("Compl.") ¶ 34.)  Plaintiffs allege that after conducting an investigation, State Farm has not accepted or rejected plaintiffs' claim despite the passage of the applicable time period for doing so under the insurance agreement. (Compl. ¶ 58.)

Plaintiffs have alleged breach of contract, violations of § 349 of New York's General Business Law ("GBL") and § 2601 of New York's Insurance Law. Defendants have moved to dismiss only the GBL § 349 claim on the basis that plaintiffs have failed to allege "consumer-oriented conduct" necessary to state such a claim, as the action is merely one for breach of private contractual agreements. The Court agrees and GRANTS the motions.

I.    GENERAL BUSINESS LAW § 349

As with any motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all well pleaded factual allegations and draws all reasonable inferences in plaintiffs' favor.  ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  The Court need not, however, accept conclusory legal or factual assertions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007).

The parties agree on the governing legal standard and have cited many of the same cases in their briefs on this motion.  The first requirement of any action pursuant to GBL § 349 is that the defendant's alleged conduct be "consumer-oriented."  Wilson v. NW Mut. Ins. Co., 625 F.3d 54, 64 (2d Cir. 2010).  To be "consumer-oriented," conduct must have more than a private impact—it must have "a broad impact on consumers at large."  Miller v. HSBC Bank USA, N.A., No. 13 Civ. 7500, 2015 U.S. Dist. LEXIS 16736, at *19 (S.D.N.Y. Feb. 10, 2015); N.Y. Univ.

v. Cont'l Ins. Co., 87 N.Y.2d 308, 320 (N.Y. 1995).  Conclusory statements that conduct is consumer-oriented are insufficient.  Lava Trading, Inc. v. Hartford Fore Ins. Co., 326 F.Supp.2d 434, 438 (S.D.N.Y. 2004); see also Miller, 2015 U.S. Dist. LEXIS 16736, at *19.

Plaintiffs' allegations set forth a contractual disagreement as to whether coverage for the noticed loss is required.   There is nothing broadly consumer-oriented about such a dispute—apart from the generalized fact that insurance companies and insureds may frequently engage in coverage disputes.  That fact alone, however, does not transform a purely private issue into a consumer-oriented one.  Nor does the fact that plaintiffs make a wholly conclusory assertion that the issuance of each policy "was a consumer oriented transaction."  (Compl. ¶¶ 39, 60.)

In short, this is precisely the kind of "private contractual dispute[] that lack[s] the consumer impact necessary to state a claim pursuant to Section 349." DePasquale v. Allstate Ins. Co., 179 F. Supp. 2d 51, 62 (E.D.N.Y.), aff'd, 50 Fed. App'x 475 (2d Cir. 2002).  The GBL § 349 claims are therefore dismissed.

Accordingly, defendants' motions to dismiss plaintiffs' GBL § 349 claim are GRANTED.

The Clerk of Court is directed to close the motions at ECF Nos. 10 and 16.

SO ORDERED.

Dated:      New York, New York
            April 17, 2015

_____
KATHERINE B. FORREST
United States District Judge